UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| Jane Doe., a Student, | ) | |
| by and through her parents | ) | |
| and guardians, | ) | |
| John & Mary Doe, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | CASE NO. |
| v. | ) | |
| | ) | |
| SUMNER COUNTY BOARD OF | ) | JURY DEMANDED |
| EDUCATION d/b/a SUMNER | ) | |
| COUNTY SCHOOLS | ) | |
| | ) | |
| Defendant | ) | |

_____

**COMPLAINT**
_____

**COME THE PLAINTIFFS, Jane Doe, a minor student, by and through her parents John and Mary Doe,** and file this Complaint against the Defendant, **SUMNER COUNTY BOARD OF EDUCATION d/b/a SUMNER COUNTY SCHOOLS.** They show:

I. **PARTIES, JURISDICTION & VENUE**

1. Jane Doe is a 9-year old girl who resides with her parent and legal guardians, John and Mary Doe in Sumner County, Tennessee.

2. Sumner County Board of Education, doing business as Sumner County Schools, ("SCS") is a governmental entity charged with operating and overseeing all public schools within Sumner County.

3. SCS, at all material times, received and continues to receive federal funding, as contemplated by Title IX of the Educational Amendments OF 1972, 20 U.S.C. § 1681, *et seq*.

1

4. SCS is responsible for ensuring that its employees are properly trained and supervised to perform their jobs, and that its students, including Plaintiff Jane Doe, are safe.

5. SCS is also a recipient of federal financial assistance within the meaning of Section 504, 29 U.S.C.§ 794(b)(2)(B) and is a "public entity" as defined by the ADA, 42 U.S.C.§ 12131(1). Accordingly, SCS is responsible for upholding the rights of children and their parents under Section 504 and the ADA.

6. This Court has jurisdiction over Plaintiffs' federal claims pursuant to federal court jurisdiction, 28 U.S.C. § 1331, and through 28 U.S.C. § 1343, for claims brought to address equal protection violations. Plaintiffs bring claims under Title IX, 20 U.S.C. § 1681, the Fourteenth Amendment to the United States Constitution, through 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, 29 U.S.C.§ 794, and the ADA, 42 U.S.C.§ 12131(1).

7. The acts and omissions giving rise to this action occurred in Sumner County, Tennessee, within this judicial district. Additionally, Defendant conducts business within this District. Accordingly, venue is proper in this Court under 28 U.S.C. § 1391(b).

## II. FACTS

8. In January of 2019, Jane Doe's parents reported child abuse to Burrus Elementary's Principal, Vice Principal, teacher, and school counselor. They explained that Sally Smith, a classmate of Jane Doe, had been penetrating Jane Doe's vagina and anus with her fingers. She did it in the school restroom, on the school playground, and outside of school.

9. The parents made the most basic request possible: Keep Jane Doe away from Sally Smith and keep her safe. SCS responded that a "safety plan," which sounded like a formal and appropriate response, would be put in place to keep Jane Doe safe. However, no "safety plan" was ever put in writing or given to the parents.

10. Jane Doe visibly and emotionally showed signs of the abuse. She woke from

nightmares about Sally Smith. She slept in her parent's room. She flashed back to the abuse. She cried. She could not manage her emotions. And she missed chunks of school time for anxiety.

11. In February 2019, Jane Doe's parents asked for a bona fide safety plan to keep Jane Doe safe from Sally Smith. This time, SCS said it would provide a "chaperone" whenever Jane Doe and Sally Smith were to be physically in the same place—i.e. lunch, recess, and restroom breaks. Under no circumstances was Jane Doe to be left alone with Sally Smith.

12. Like the "safety plan," the "chaperone" was an empty word too. Sally Smith easily eluded any such chaperones, confronting Jane Doe throughout the school, even chastising her about her parent's report of the abuse, telling her: "You will have no friends. No one will believe you. I told you not to tell." On one occasion, Sally Smith cornered Jane Doe in a bathroom and in a vengeful and violent act forced her fingers into Doe's private parts again.

13. At this point, February 2019, Jane Doe's parents demanded another meeting. They said this "safety plan," and this "chaperone," if they even existed at all, failed. SCS could offer no further assurance.

14. Due to the combination of sexual assault and SCS' failures to respond appropriately, Jane Doe has been damaged. In March of 2019, she was diagnosed with Post Traumatic Stress Disorder (PTSD) and began attending counseling. She was also placed on "homebound instruction," where she finished the 2018-2019 school year receiving instruction only twice per week for two to four hours per session.

15. To finally separate Jane Doe from Sally Smith, Jane Doe's parents sought a transfer of schools altogether, moving Jane Doe from Burrus Elementary to Beech Elementary (also three miles from Jane Doe's home). However, this required approval of SCS. In what can only be described as a bureaucratic nightmare, SCS rebuffed them at every turn.

3

16. When Jane Doe's parents submitted an "Out of Zone" request for Jane Doe to attend Beech Elementary on April 8, 2019, Beech Elementary's principal responded rejecting that request on April 18, 2019.

17. Jane Doe's parents appealed in writing to the Sumner County School Board of Education. Over a month later, on May 22, 2019, the Sumner County Board said, "We reviewed the documentation submitted and have decided to deny your request for Out of Zone attendance at Beech Elementary for the 2019-2020 school year." It suggested the parents submit an "Out of Zone" request to two other schools—Madison Creek Elementary and George Whitten Elementary.

18. On June 19, 2019, Jane Doe's parents asked the Director of Schools to reconsider the matter. They even pointed out, in writing, that Jane Doe—now by virtue of her mental impairment—qualifies for a "reasonable accommodation" under Section 504 or the ADA. SCS did not respond.

19. Jane Doe's family also personally spoke to principals at George Whitten Elementary and Madison Creek Elementary. They both said a transfer was not possible.

20. Having exhausted all avenues, Jane Doe's parents withdrew Jane Doe from SCS in order to escape the memory and possibility of further harm to her from Sally Smith. The family now undertakes the cost of homeschooling.

21. At no time has SCS even had the decency to advise the family of whether an investigation was undertaken, any findings, why the efforts failed, what discipline (if any) was occurring, or what would be different in the future. It failed to offer Jane Doe support, counseling, or protection.

22. SCS never did adopt a workable safety plan. And it refused the obvious remedy of separate schools, over and over. This shows government inaction at its worse—deliberate

indifference to Jane Doe's rights and needs due to sexual harassment and sexual assault.

23. Jane Doe lost educational opportunities and/or benefits, while suffering trauma, humiliation, embarrassment, and pain. Her parents are now bearing her educational program in the form of homeschooling.

### III. LEGAL CLAIMS

### TITLE IX, 20 U.S.C. § 1681

24. Plaintiff incorporates and re-alleges Paragraphs 1-23.

25. SCS receives federal funding under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a). Section 901(a) of Title IX provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

26. Plaintiff Jane Doe *was* subjected to a student-on-student sexual assault and continual harassment based upon her sex that was severe, pervasive, objectively offensive, and prohibited by Title IX.

27. SCS had actual knowledge of Sally Smith's dangerous sexually aggressive nature and harassment of Jane Doe since at least January 2019, and therefore, knew of the risk that Sally Smith posed to Jane Doe, and other students. However, SCS through its deliberately indifferent actions and inactions created and subjected Jane Doe to a hostile educational environment under Title IX by failing to take adequate measures to prevent further sexual assault and harassment from taking place. Jane Doe, on the basis of her sex, was excluded from participation in, denied the benefits of, and was subjected to discrimination in SCS's education program in violation of Title IX.

28. Plaintiff Jane Doe suffered, and continues to suffer, trauma, humiliation, embarrassment, and pain as a direct and proximate result of the sexual harassment and

abuse that occurred through SCS's deliberate indifference.

## FOURTEENTH AMENDMENT AND SECTION 1983

29. Plaintiff incorporates and re-alleges Paragraphs 1-28.

30. Plaintiff Jane Doe enjoys the right as an American public-school student under the Fourteenth Amendment of the United States Constitution to personal security, bodily integrity, and Equal Protection of the Laws.

31. SCS subjected Plaintiff Jane Doe to violations of her right to bodily integrity and Equal Protection of the Laws by failing to take appropriate preventive measures; failing to adequately supervise its students; and by acting with manifest deliberate indifference to the sexual assault and harassment of Jane Doe.

32. SCS, acting under color of state law, deprived Plaintiff Jane Doe of her rights to personal security and bodily integrity by failing to appropriately investigate and remediate violations of Jane Doe's right to personal security and bodily integrity. SCS's actions and inactions—given their repeating nature—were undertaken as part of a custom or policy of such action and inaction or were undertaken by employees with final policymaking authority of indifference to the rights of bodily integrity of students with disabilities like Plaintiff Jane Doe.

33. Plaintiff Jane Doe suffered, and continues to suffer, trauma, humiliation, embarrassment, and pain as a direct and proximate result of SCS's deliberate indifference to her rights under the Fourteenth Amendment.

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (§504), 29 U.S.C. § 794 & THE AMERICANS WITH DISABILITIES ACT

34. Plaintiff incorporates and re-alleges Paragraphs 1 – 33 above as in fully stated herein verbatim.

35. Under the ADAAA, SCS may not, by reason of Jane Doe's disability, exclude her from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. §12132.

36. Moreover, under the ADAAA and Section 504, SCS "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. 28 CFR §35.130(b)(7) (2001) (504); *Alexander v. Choate*, 469 U.S. 287, 301 (1985) (Section 504).

37. Acting with intent, negligence, or with deliberate indifference, SCS denied Jane Doe, on multiple occasions, the reasonable modification/accommodation of constant supervision within Burrus Elementary to prevent further abuse or harassment which would cause Jane Doe further trauma.

38. Moreover, acting with intent, negligence, or with deliberate indifference, SCS denied Jane Doe, on multiple occasions, the reasonable accommodation/modification of an out of zone transfer to another school within the district in order to prevent further sexual abuse, harassment, and re-traumatization of Jane Doe.

39. Due to their actions and inactions, SCS did not afford Jane Doe equal access to education by providing her with the modification/accommodation of an out of zone transfer for which she needed.

## IV. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jane Doe respectfully requests that this Court award the following relief:

A. Declaratory, equitable, nominal, and compensatory damages relief for violations of

Title IX, the Fourteenth Amendment of the United States Constitution, and Section 504 and the ADA, including damages payment for the severe mental stress and anguish suffered by Plaintiff Jane Doe and payment of the costs of Jane Doe's private homeschool education and psychological services;

B.     Injunctive relief to include appropriate policies, training, supervision, and observance of Title IX, Section 504 and the ADA;

C.     Awarding prejudgment interest at the maximum rate permitted by law on all sums awarded;

D.     Awarding Plaintiffs their reasonable attorneys fees and costs; and

E.     Awarding such other relief at law or equity which may be deemed appropriate.

Respectfully submitted,

**GILBERT McWHERTER SCOTT & BOBBITT PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

&

**THE SALONUS FIRM, PLC**

/s Jessica F. Salonus
JESSICA F. SALONUS (TN Bar No. 28158)
139 Stonebridge Boulevard
Jackson, TN 38305
Telephone: 731-300-0970
jsalonus@salonusfirm.com